**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE PENSION FUND : <br> FOR NURSING HOME AND : <br> HEALTH CARE EMPLOYEES – : <br> PHILADELPHIA AND VICINITY, : <br> 1319 Locust Street : <br> Philadelphia, PA 19107-5405 : <br> : **COMPLAINT** <br> : **CIVIL ACTION NO.** <br> Plaintiff, : <br> : <br> v. : <br> : <br> MONUMENTAL POST ACUTE : <br> CARE AT HOME LLC : <br> 4001 W. Ford Road : <br> Philadelphia, PA 19131 : <br> : <br> : <br> Defendant. : | |

**(TO COLLECT AMOUNTS DUE TO BENEFIT FUND; FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT;  TO COMPEL COOPERATION WITH A PAYROLL AUDIT; AND FOR EQUITABLE RELIEF)**

**Parties**

1.      The Pension Fund for Nursing Home and Health Care Employees – Philadelphia and Vicinity Area ("Pension Fund" or "Plaintiff") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund was established and is maintained according to the provisions of its Agreement and Declaration of Trust.  The Pension Fund is administered at 1319 Locust Street, Philadelphia, PA 19107.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      Monumental Post Acute Care at Home LLC ("Monumental" or "Defendant") is a Pennsylvania limited liability company existing under Pennsylvania laws with offices located at 4001 W. Ford Rd., Philadelphia, PA 19131.

3.      Monumental transacts business in Pennsylvania as a nursing home provider in the healthcare industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

4.      At all relevant times, Monumental was and is signatory and bound to a Collective Bargaining Agreement between Monumental and District 1199C of the National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO.

## Jurisdiction

5.      This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§ 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a).   This is an action to enforce an employer's contractual obligation to submit monthly contribution reports and payments, and other contributions pursuant to a Collective Bargaining Agreement, to compel the Employer's cooperation with a payroll audit, and for other appropriate equitable relief.

6.      Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Plaintiff is located and administered.

7.    This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (AMOUNTS OWED TO PLAINTIFF FOR UNPAID CONTRIBUTIONS)

8.    The Pension Fund hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 7 as if fully set forth in Count I.

9.    Pursuant to its Collective Bargaining Agreement, the Defendant agreed to report and pay to the Pension Fund contributions representing a percentage of the gross pay received by eligible non-probationary employees for the Defendant's employees covered by the Collective Bargaining Agreement.

10.    The Defendant employed certain employees covered by the Collective Bargaining Agreement but failed to report and pay the amounts when due to the Pension Fund for work performed in December 2025 through the present as required by the Collective Bargaining Agreement, and the Pension Fund's Agreement and Declaration of Trust.

11.    The Pension Fund's Agreement and Declaration of Trust provides that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

12.    The Pension Fund's Agreement and Declaration of Trust also provides for reasonable attorneys' fees and court costs.

## COUNT II

### (TO COMPEL A PAYROLL AUDIT)

13.     The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in Count II.

14.     An audit of Defendant Monumental's records from January 1, 2021, to the date the audit can be completed, will permit the Plaintiff to determine whether the Defendant is properly reporting the correct number of employees working under the Collective Bargaining Agreement, the correct gross payroll paid to the employees, the correct contribution rates, and the correct amounts owed to the Plaintiff.

15.     Pursuant to the Defendant Monumental's Collective Bargaining Agreement, the Defendant is a party to and bound by the terms and conditions of the Plaintiffs' Agreement and Declaration of Trust and any policies adopted thereto, including the Pension Fund's Delinquency Policy.

16.     Under the terms of the Collective Bargaining Agreement, Plaintiff's Agreement and Declaration of Trust, the Pension Fund's Delinquency Policy, Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and *Central States Pension Fund v. Central Transport*, Inc., 472 U.S. 559 (1985), the Plaintiff is entitled to obtain and conduct an audit of Defendant Monumental's payroll and related records and an employer is obligated to submit to a payroll compliance review conducted by the Plaintiff.

17.     Plaintiff will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which are discovered to be due as a result of the audit.

**WHEREFORE,** the Plaintiff prays judgment on Count I and II as follows:

1.  That the Court find Defendant Monumental Post Acute Care at Home LLC liable in the amount of contributions, interest, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Trust Agreement to the Plaintiff from December 2025 to date and through the date of judgment;

2.  For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g) (2) (C) (ii), and the Trust Agreement;

3.  For a court order requiring the Defendant Monumental to submit all payroll books and records to the Plaintiff, and to cooperate with the Plaintiff's designee, the certified public accounting firm of Novak Francella to complete a payroll compliance review, at the Defendant's expense, for the period of January 1, 2021, through the date the audit can be conducted;

4.  That the Court find Monumental liable for all amounts owed to the Plaintiff under the Collective Bargaining Agreement as a result of the audit;

5.  To enter judgment against Monumental in the amount of reasonable attorney's fees and costs incurred by the Plaintiff in bringing this action;

6.  For such further relief as the Court may deem appropriate.

Respectfully submitted,

Date:    March 17, 2026

s/ Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
325 Chestnut Street, Suite 600
Philadelphia, PA 19145
akelser@odonoghuelaw.com
Telephone (215) 629-4970
Facsimile (215) 629-4996

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h), on this 17th day of March 2026 on the following:

Secretary of the Treasury
15th. and Pennsylvania Ave., N.W.
Washington, DC  20220
ATTN: Employee Plans
        Internal Revenue Service

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTN: Assistant Solicitor
        for Plan Benefits Security

s/ Andrew Costa-Kelser
Andrew Costa-Kelser